## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CANON U.S.A., INC.,

      Plaintiff/Counter-Defendant

vs.                                     No. 1:21-CV-00410-KK-SCY

ALBUQUERQUE INTERNATIONAL
BALLOON FIESTA, INC.,

      Defendant/Counter-Claimant

### ANSWER AND COUNTERCLAIMS OF
### DEFENDANT AND COUNTER-CLAIMANT
### ALBUQUERQUE INTERNATIONAL BALLOON FIESTA

COMES NOW Defendant/Counter-Claimant, Albuquerque International Balloon Fiesta, Inc. ("AIBF"), by and through its attorney of record, Butt Thornton & Baehr PC (Rodney L. Schlagel and Sarah L. Shore), and for its Answer to the Complaint and Counter-Claims, states as follows:

### INTRODUCTION

1.   AIBF admits the allegations contained in paragraph 1 of the Complaint, and states that 2020 was to be the 49th Balloon Fiesta, but that the 49th Balloon Fiesta is now scheduled for October, 2021. AIBF states that Canon, U.S.A., Inc. ("Canon") has been the Presenting Sponsor since 2015.

2.   AIBF admits that the parties entered into a contract so titled, but states that the Sponsorship Agreement speaks for itself.

3.    AIBF denies the allegations contained in paragraph 3 of the Complaint, many of which assert legal conclusions, and refers to its responses to paragraph 27 and 36 hereinbelow.

4.    AIBF denies the allegations in paragraph 4 of the Complaint, many of which assert legal conclusions, and refers to its responses in paragraph 27 and 36 hereinbelow.

## PARTIES, JURISDICTION AND VENUE

5.    AIBF lacks sufficient knowledge or information to specifically admit or deny the allegations contained in paragraph 5 of the Complaint, and therefore denies the same.

6.    Admit.

7.    Admit.

8.    Paragraph 8 lists the Complaint's legal causes of action and therefore requires no response. To the extent a response is required, Canon denies the same.

9.    AIBF admits the Court's jurisdiction in this case but denies that Canon is entitled to any relief.

10.    AIBF admits the Court's jurisdiction in this case but denies that Canon is entitled to any relief.

11.    AIBF admits that venue is proper.

## FACTUAL ALLEGATIONS

### Canon USA's Business and Its Trademark

12.  AIBF lacks sufficient knowledge or information to specifically admit or deny the allegations contained in paragraph 12 of the Complaint, and therefore denies the same.

13.  AIBF lacks sufficient knowledge or information to specifically admit or deny the allegations contained in paragraph 13 of the Complaint, and therefore denies the same.

14.  AIBF lacks sufficient knowledge or information to specifically admit or deny the allegations contained in paragraph 14 of the Complaint, and therefore denies the same.

15.  Paragraph 15 contains a legal conclusion to which no response is required; AIBF lacks sufficient knowledge or information to specifically admit or deny the remaining allegations contained in paragraph 15 of the Complaint, and therefore denies the same.

16.  AIBF lacks sufficient knowledge or information to specifically admit or deny the allegations contained in paragraph 16 of the Complaint, and therefore denies the same.

### The Sponsorship Agreement

17.  AIBF agrees that the Sponsorship Agreement appended as "Exhibit A" to the Complaint is the operative contract between the parties but, with respect to the allegations concerning the content of the contract, denies that paragraph

3

17 contains a complete recitation of the relevant provisions and states that the Sponsorship Agreement speaks for itself.

18. AIBF denies that paragraph 18 contains a complete recitation of the relevant provisions and states that the Sponsorship Agreement speaks for itself.

19. AIBF denies that paragraph 19 contains a complete recitation of the relevant provisions and states that the Sponsorship Agreement speaks for itself.

20. AIBF denies that paragraph 20 contains a complete recitation of the relevant provisions and states that the Sponsorship Agreement (and Exhibit A thereto) speaks for itself.

21. AIBF denies that paragraphs 21 accurately describes the payment schedule arranged between the parties, and states that the Sponsorship Agreement speaks for itself.

22. AIBF denies that paragraph 22 contains a complete recitation of the relevant provisions and states that Canon did not invoke paragraph 6.1 of the Sponsorship Agreement as the basis for its purported termination on September 24, 2020.

23. AIBF denies that paragraph 23 contains a complete recitation of the relevant provisions and states that the Sponsorship Agreement speaks for itself.

24. AIBF denies that paragraph 24 contains a complete recitation of the relevant provisions and states that the Sponsorship Agreement speaks for itself.

25. Paragraph 25 appears to be a copy of paragraphs 11.1 and 11.2 of the Sponsorship Agreement, which AIBF states speaks for itself.

26. AIBF denies the allegations contained in paragraph 26 of the Complaint, and states that Canon paid $250,000 on February 26, 2020. Such payment was applied to the postponed 49th Balloon Fiesta in 2021 per AIBF's notice to Canon on June 22, 2020.

## AIBF Cancels the 2020 Fiesta, and Canon Terminates the Sponsorship Agreement

27. The allegations in paragraph 27 contain an incorrect characterization of AIBF's communications to Canon, and therefore AIBF denies the same. AIBF affirmatively states that, on June 20 and 22, 2020, AIBF communicated to Brian Griggs, Canon's Senior Director of Business Development and Customer Support, that, due to the COVID-19 pandemic, the 49th Albuquerque International Balloon Fiesta would be postponed to October 2-10, 2021.

28. AIBF does not deny that the Balloon Fiesta is an annual event but denies paragraph 28's characterization of AIBF's communications to Canon and others. *See* ¶ 27, *infra.*

29. AIBF denies the allegations contained in paragraph 29.

30. The allegations in paragraph 30 contain characterizations of unidentified "press" statements; such allegations require no response.

31. The allegations in paragraph 31 contain a purported video banner from KRQE, a news channel; such allegations require no response, as the image depicts what it depicts.

32.  The allegations in paragraph 32 contain a purported video banner from KOAT, a news channel; such allegations require no response, as the image depicts what it depicts.

33.  The allegations in paragraph 33 contain argumentative characterizations of an image from AIBF's website, to which no response is required, as the image depicts what it depicts. As previously stated, AIBF admits that the Balloon Fiesta is typically an annual event. AIBF also states that, regardless of whether the Balloon Fiesta was "postponed" or "canceled" until 2021, AIBF communicated its intent to carry over its performance to October of 2021, which it was permitted to do under paragraphs 6.3, 11.1 and 11.2 of the Sponsorship Agreement.

34.  AIBF denies the allegations in paragraph 34 of the Complaint. *See* ¶ 27, *infra*.

35.  AIBF admits that a proposed "Sponsorship Agreement Amendment 2020" was transmitted to Canon on July 21, 2020 and September 3, 2020, but disputes that the allegations in paragraph 35 fully or accurately describe the proposed Amendment, which speaks for itself, and disputes that the paragraph fully or accurately describes the parties' communications regarding the proposed Amendment. The Sponsorship Agreement provides that its expiration does not "release parties from their accrued but unperformed obligations." Doc. 1, Ex. A ¶ 1.5. The proposed Sponsorship Agreement Amendment primarily reflects the extension of *Canon's rights* under the Sponsorship Agreement, e.g., amending paragraph 1.5 (which otherwise states that "*Sponsor's [Canon's]* rights under this

6

Agreement expire at 11:59 pm on the final day of BALLOON FIESTA® 2020," Doc. 1, Ex. A ¶ 1.5 (emphasis added)), and acknowledges that "the cash portion of the Sponsorship fee has been received and will be applied to the 2021 Balloon Fiesta."

36. AIBF denies the allegations contained in paragraph 36 of the Complaint, and affirmatively states that:

    a. During the three (3) months after AIBF's communication to Brian Griggs regarding postponement of the Fiesta (*see* ¶ 27, *infra*), Canon continued to accept AIBF's performance under the Sponsorship Agreement after June 22, 2020, including by approval of marketing materials, and never communicated to AIBF in any manner that October 2-10, 2021 was not an agreeable date for the postponed Balloon Fiesta.

    b. On September 24, 2020, Canon purported to terminate the parties' Sponsorship Agreement by invocation of "the Force Majeure clause in Article 11 of the Agreement, due to the cancellation of the 2020 Albuquerque International Balloon Fiesta…," notwithstanding that the clause at issue allows only the *party who is unable to perform* due to a force majeure event to invoke said clause as a basis for termination. *See* Doc. 1, Ex. A ¶¶ 11.1-11.2.

    c. As of September 24, 2020, Canon had already performed by paying its remaining $250,000 under the Sponsorship Agreement.

d.  On October 2, 2020, AIBF communicated its rejection of Canon's purported termination, noting the Sponsorship Agreement's provision that, that if a force majeure event affects AIBF, AIBF may reschedule the Fiesta at a reasonable and agreeable time— which it did through its notice of June 22, 2020. *Id.*

e.  AIBF was prepared to continue its performance under the Sponsorship Agreement until the filing of the within Complaint. Canon did not lawfully terminate the Sponsorship Agreement nor did it otherwise withdraw its previously-granted consent to the use of its trademarks. AIBF also affirmatively states that Canon continued to brand itself as a presenting sponsor of the Balloon Fiesta until the filing of the within Complaint, *see*, *e.g.*, Canon's website, captured May 3, 2021, describing AIBF as "presented by Canon," inserted here:



37.  AIBF denies the allegations contained in paragraph 37 of the Complaint, and refers to its responses in paragraphs 27 and 36 hereinabove.

38.  AIBF admits that Canon transmitted a letter to AIBF on or about September 24, 2020, purporting to terminate the Sponsorship Agreement pursuant to the force majeure clause (Article 11) therein, but denies the remainder of the allegations in paragraph 38 of the Complaint and states that the letter says what it says. AIBF also refers to its responses in paragraphs 27 and 36 herein.

39.  AIBF admits that, on October 2, 2020, it transmitted a letter to Canon, rejecting Canon's purported termination of the Sponsorship Agreement, as set forth hereinabove, but otherwise denies the allegations in paragraph 39 of the Complaint. The referenced letter says what it says.

40.  AIBF agrees that it received no further communication from Canon until November 12, 2020, but otherwise denies the allegations set forth in paragraph 40 of the Complaint. The referenced letter says what it says.

41.  AIBF admits that it has not refunded the $250,000 owed by Canon to AIBF under the Sponsorship Agreement. AIBF denies that it has breached the Sponsorship Agreement.

### The Fiesta and AIBF's Unauthorized Use of the CANON® Mark

42.  AIBF admits that it intends to present the 49th Balloon Fiesta on October 2-10, 2021, as communicated in AIBF's notice to Canon on June 22, 2020, and restates that Canon never communicated to AIBF that this date was not agreeable. Canon instead authorized marketing materials displaying the Canon mark. AIBF denies the remaining allegations in paragraph 42 of the Complaint, and states that AIBF was not only permitted but required to perform under the Sponsorship Agreement by utilizing Canon's mark in connection with marketing the upcoming 2021 Balloon Fiesta. AIBF further states that, upon Canon's filing of the within Complaint, AIBF promptly removed Canon's marks from AIBF's marketing for the 2021 Balloon Fiesta. AIBF also refers to its response in paragraph 36 hereinabove.

43.  AIBF refers to its response in paragraph 42, and states that Canon's mark is no longer displayed on the referenced page. A true and correct copy of said page, captured on May 11, 2021, is inserted:



44.  AIBF refers to its response in paragraph 42 hereinabove, and states that AIBF's website header/footer no longer displays Canon's mark. A true and correct copy of AIBF's website homepage, captured May 11, 2021, is inserted:



45.   AIBF refers to its response in paragraph 42 hereinabove, states that AIBF has removed from its website promotional merchandise displaying Canon's mark in connection with the 2021 Balloon Fiesta, and otherwise denies the allegations in paragraph 45 of the Complaint.

46.   AIBF refers to its response in paragraph 42 hereinabove, and states that AIBF's Official Sponsors page no longer lists Canon or displays Canon's mark. A true and correct copy of AIBF's website homepage, captured May 11, 2021, is inserted:



47.  AIBF lacks sufficient information or knowledge to affirm or deny the allegations contained in paragraph 47 of the Complaint, and therefore denies the same. AIBF states that, under the Sponsorship Agreement, the marketing of Canon's brand *is for Canon's benefit*; funding to operate the Fiestas is the benefit to AIBF. *See* Doc. 1, Ex. A (emphasis added).

48.  AIBF denies the allegations in paragraph 48 of the Complaint and refers to its responses in paragraphs 27, 36 and 42 herein. Canon has, through the time of the filing of the Complaint, held itself out as an ongoing sponsor of AIBF, on Canon's own website, as stated in paragraph 36, and, for instance, on its page of official sponsors and in its online store. *See* "Exhibit 1" (a true and correct copy of Canon's "Sponsorships" page, which includes AIBF, captured on

May 4, 2021) and "Exhibit 2" (a true and correct copy of Canon's page listing Canon products "Available at the AIBF Canon Tent," captured May 11, 2021).

49.   AIBF denies the allegations in paragraph 49 of the Complaint, refers to its responses in paragraphs 27, 36, 42, and 48 herein.

50.   AIBF denies the allegations in paragraph 50 of the Complaint and refers to its responses in paragraphs 27, 36, 42, and 48 herein.

51.   AIBF denies the allegations in paragraph 51 of the Complaint.

52.   AIBF denies the allegations in paragraph 52 of the Complaint.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

53.   AIBF incorporates its responses to paragraphs 1 through 52 of the Complaint as if fully set forth herein.

54.   AIBF denies the allegations contained in paragraph 54 of the Complaint. Canon did not timely pay its last installment of $250,000 under the Sponsorship Agreement. *See* ¶ 26, *infra.*

55.   AIBF denies the allegations contained in paragraph 55 of the Complaint.

56.   AIBF denies the allegations contained in paragraph 56 of the Complaint.

57.   AIBF denies the allegations contained in paragraph 57 of the Complaint.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment)

58. AIBF incorporates its responses to paragraphs 1 through 57 of the Complaint as if fully set forth herein.

59. AIBF denies the allegations contained in paragraph 59 of the Complaint and refers to its response to paragraph 35 hereinabove.

60. Paragraph 60 contains a legal conclusion to which no response is required. AIBF denies the remaining allegations contained in paragraph 60 of the Complaint and states that AIBF has performed and intended to continue performance under the contract in connection with the 49th Balloon Fiesta—the third Fiesta under the parties' Sponsorship Agreement. Canon never withdrew its prior consent to the use of its marks in connection with the marketing for which it bargained in the Sponsorship Agreement. *See* Doc. 1, Ex. A at ¶ 2.3 & Art. III.

61. AIBF denies the allegations contained in paragraph 61 of the Complaint.

62. AIBF denies the allegations contained in paragraph 62 of the Complaint.

## THIRD CAUSE OF ACTION
### (Unfair Competition – Lanham Act, 15 U.S.C. § 1125(a)(1)(A))

63. AIBF incorporates its responses to paragraphs 1 through 62 of the Complaint as if fully set forth herein.

64. AIBF denies the allegations contained in paragraph 64 of the Complaint.

65.  AIF denies the allegations contained in paragraph 65 of the Complaint and refers to its responses in paragraphs 35, 36, and 48 herein. AIBF further states that it is not a competitor of Canon, but a non-profit organization whose bargained-for exchange under the Sponsorship Agreement is "to generate funds to pay the expenses of operating the Balloon Fiesta." Doc. 1, Ex. A ¶ 2.2.

### FOURTH CAUSE OF ACTION
**(Unfair Competition – Lanham Act, 15 U.S.C. § 1125(a)(1)(B))**

66.  AIBF incorporates its responses to paragraphs 1 through 65 of the Complaint as if fully set forth herein.

67.  AIBF denies the allegations contained in paragraph 6 of the Complaint and refers to its responses in paragraphs 35, 36, and 48 herein.

**WHEREFORE**, AIBF asks the Court to DENY the judgment and relief requested in paragraphs 1-9 of the Prayer for Relief in the Complaint, and GRANT AIBF its attorney fees and costs and such other and further relief as requested hereinbelow and as the Court deems just and proper.

### DEFENSES

AIBF asserts the following separate and alternative defenses:

1.  The Complaint fails to state a claim upon which relief may be granted because Canon did not lawfully terminate the Sponsorship Agreement pursuant to Article 11; only the party that is *unable to carry out its material obligations* due to a force majeure event, listed in paragraph 11.1, may invoke the force majeure clause in paragraph 11.2 as a basis for termination. *See* Doc. 1, Ex. A. Canon had already performed its material obligations when it purported to terminate the Sponsorship Agreement.

2.     The Complaint fails to state a claim upon which relief may be granted because, even if paragraph 11.2 is construed to permit Canon to terminate the Sponsorship Agreement based on AIBF's alleged failure to timely perform due to a force majeure event, Canon waived any right to terminate by accepting AIBF's performance for the three (3) months following notification to Canon of AIBF's intent to hold the 49th Annual Balloon Fiesta in October of 2021 due to the COVID-19 pandemic.

3.     For the same reasons stated in the preceding paragraph, Canon's claims are barred by the doctrine of waiver by estoppel. AIBF honestly and reasonably relied to its detriment on Canon's apparent agreement that October 2-10, 2021 was an acceptable date for the rescheduled 49th Annual Balloon Fiesta.

4.     The Complaint fails to state a claim upon which relief may be granted because Canon did not lawfully terminate the Sponsorship Agreement under paragraph 6.1 therein. Specifically, if Canon believed AIBF had committed a material breach of the Agreement, Canon was required to provide written notice to AIBF, triggering a 30-day period for AIBF to cure the alleged material breach. No such notice was ever given.

5.     The Complaint fails to state a claim upon which relief may be granted because, even if AIBF had not rescheduled the Balloon Fiesta due to a force majeure event pursuant to paragraph 11.2 of the Sponsorship Agreement, paragraph 6.3 of the Agreement also provides that "[i]f AIBF elects to terminate this Agreement prior to the start of a BALLOON FIESTA during the term hereof,

AIBF shall return to the Sponsor any amount paid . . . applicable to that Balloon Fiesta **or apply such payment to the next BALLOON FIESTA**." *See* Doc. 1, Ex. A (emphasis added).

6.    To the extent Canon contends that it did not receive all of its bargained-for benefits under the Sponsorship Agreement, Canon's repudiation of the Sponsorship Agreement on September 24, 2020 and its filing of the within Complaint prevents AIBF from completing AIBF's performance under the Sponsorship Agreement.

7.    The relief sought by Canon is barred by the doctrine of laches.

8.    Canon may not seek restitution for unjust enrichment because that doctrine is inapplicable where an express contract governs the relationship between the parties, as the Sponsorship Agreement—by Canon's admission— governs the relationship between Canon and AIBF.

9.    Canon has failed to mitigate its damages, and any recovery obtained by Canon must therefore be barred or reduced accordingly.

10.   Canon fails to state a cognizable claim for relief pursuant to 15 U.S.C. Section 1125(a)(1)(A) because AIBF is not a competitor of Canon.

11.   Canon fails to state cognizable claims for relief pursuant to 15 U.S.C. Section 1125(a)(1)(A) and (B) because Canon gave prior written approval of AIBF's use of Canon's mark, pursuant to the Sponsorship Agreement. *See* Doc. 1, Ex. A, paragraph 3.5. While Canon unlawfully purported to terminate the Sponsorship Agreement on September 24, 2020, Canon did not withdraw its prior written approval of the use of its mark. Upon Canon's filing of this action,

AIBF discontinued the use of Canon's mark in connection with AIBF's promotion of the 2021 Balloon Fiesta.

12. Canon's claims pursuant to 15 U.S.C. Section 1125(a)(1)(A) and (B) are barred by the doctrines of waiver and unclean hands; Canon approved the use of its mark after AIBF notified Canon that the Balloon Fiesta was rescheduled to October of 2021, and Canon advertised itself as a current sponsor of the Balloon Fiesta on Canon's own website as of May, 2021, as set forth in paragraphs 36(e) and 48 of AIBF's Answer, above.

13. Canon's claims pursuant to 15 U.S.C. Section 1125(a)(1)(A) and (B) and Canon's request for damages pursuant to 15 U.S.C. Section 1117 must be dismissed because Canon, not AIBF, has profited from the use of Canon's mark in connection with the Balloon Fiesta. Under the Sponsorship Agreement, the marketing of Canon's brand *is for Canon's benefit*; funding to operate the Fiestas is the benefit to AIBF. *See* Doc. 1, Ex. A (emphasis added); *see* ¶¶ 36(e), 48, *infra*. For the same reasons, no damages have resulted from Canon's association with AIBF's Balloon Fiesta.

14. To the extent AIBF is deemed to have terminated the Sponsorship Agreement through its rescheduling of the 2020 Balloon Fiesta, Canon's recovery, if any, is limited to its payment in consideration for AIBF's promotion of the Canon mark at the 2020 Balloon Fiesta. *See* Doc. 1, Ex. A ¶ 6.3.

15. The injuries and damages asserted in the Complaint are a direct and proximate result of Canon's acts or failures to act, barring any recovery herein.

## COUNTERCLAIMS

For its counterclaims against Counter-Defendant Canon, Counter-Claimant AIBF states as follows:

## ADDITIONAL FACTUAL BACKGROUND

1.    AIBF is a non-profit, 501(c)(3) organization that depends on sponsors such as Canon to operate the Balloon Fiestas. *See* Doc. 1, Ex. A ¶ 2.2.

2.    Canon has been AIBF's only Presenting Sponsor and Imaging Company since 2015.

3.    Approximately 850,000 guests attended the 2019 Balloon Fiesta, a highly photographed event.

4.    AIBF generally designs the Balloon Fiesta's theme and collateral marketing materials (e.g. Schedule of Events), which materials include any Presenting Sponsors, approximately sixteen to eighteen months prior to the event date. These marketing materials are printed (for pre-event distribution) approximately thirteen to fourteen months prior to the event date.

5.    On June 17, 2020, AIBF concluded that the serious health risks posed by the COVID-19 pandemic and the public health emergency orders restricting large gatherings required AIBF to delay the 2020 Balloon Fiesta. AIBF further concluded that the earliest reasonable time the Balloon Fiesta could be held was October of 2021, given the ongoing public health orders and the weather-dependent nature of the Balloon Fiesta.

6.    On June 20, 2020 and June 22, 2020, AIBF notified Brian Griggs, Canon's Senior Director of Business Development and Customer Support, that,

due to the COVID-19 pandemic and associated public health orders, the 49th Albuquerque International Balloon Fiesta would be rescheduled to October 2-10, 2021.

7.   After June 22, 2020, Canon representatives conducted business with AIBF in a manner implying that the rescheduled date for the Balloon Fiesta was acceptable to Canon. For example, on June 25, 2020, Canon representatives approved proofs of Canon's mark for use on Balloon Fiesta 2021 promotional materials. On August 18, 2020, Canon representatives indicated that, by mid-September, Canon would provide AIBF with an updated 30-second advertising video for promotion of the Balloon Fiesta.

8.   AIBF reasonably relied on Canon's apparent agreement to the rescheduling of the 49th Annual Balloon Fiesta to October 2-10 of 2021. From June 22, 2020 until September 24, 2020, AIBF continued to develop products and marketing materials with Canon's mark, "presented by Canon," or other similar promotional slogans. Moreover, it would have been impractical for AIBF to seek to replace Canon's sponsorship with a sponsorship from another company.

9.   In light of Canon's apparent agreement, AIBF transmitted a proposed Sponsorship Agreement Amendment to Canon on July 21, 2020 and September 3, 2020, seeking Canon's review and input. The Amendment was intended to assure Canon that its rights under the Sponsorship Agreement were extended through October 10, 2021, *see* Doc. 1, Ex. A ¶ 1.5, and to recognize the intended application of Canon's payment of $250,000 to the Balloon Fiesta rescheduled

for October 2-10, 2021. When AIBF followed up on the status of the proposed Amendment, Canon representatives apologized for the delay, but made no objection to the postponement of the Fiesta.

10. On September 24, 2020, Canon's Executive Director of Marketing, Isao Kobayashi, purported to terminate the Sponsorship Agreement pursuant to Article 11 of the Sponsorship Agreement.

11. On October 2, 2020, AIBF rejected Canon's purported termination as contrary to the terms of the Sponsorship Agreement. AIBF noted that the purported termination was unexpected and had resulted in AIBF expending funds on marketing materials bearing the Canon mark for the 2021 Fiesta, given the passage of three (3) months since AIBF's notification to Canon of the postponement of the Fiesta.

12. Throughout the parties' ensuing communications regarding the Sponsorship Agreement, and until the filing of the within Complaint, AIBF was prepared to continue its performance under the Sponsorship Agreement; AIBF maintained the Canon mark on its website, and Canon likewise continued its own digital marketing of Canon as a presenting sponsor of AIBF (*see* paragraphs 36(e) and 48 in AIBF's Answer hereinabove).

13. Upon Canon's filing of the subject Complaint in this action, AIBF removed the Canon mark from its website and promotional and marketing material.

14.   The cost of removing Canon's marks from marketing and promotional materials and the value of those products or materials which cannot be altered total approximately $105,000.

**COUNT I: Declaratory Judgment (22 U.S.C. § 2201(a) (2020))**

15.   AIBF repeats and realleges each allegation in its Counter-Claims, paragraphs 1-14 hereinabove, as if fully set forth herein.

16.   The Sponsorship Agreement permits termination by either AIBF or Canon where 1) the terminating party is unable to perform its obligations due to a force majeure event, for a period of 45 days or longer, or 2) where the terminating party has notified the other party of a material breach of the agreement, and the other party has failed to remedy the breach within thirty (30) days. Doc. 1, Ex. A, ¶¶ 6.1, 11.1, 11.2.

17.   The Sponsorship Agreement further provides that, "in the event of a force majeure event affecting AIBF, AIBF agrees to reschedule the affected Event at a mutually agreed-upon date or refund the monies Sponsor has paid AIBF in connection with such Event." *Id.* ¶ 11.2. Alternatively, "[i]f AIBF elects to terminate [the Sponsorship] Agreement," for instance, due to a force majeure event extending for more than 45 days, "prior to the start of a BALLOON FIESTA during the term hereof, AIBF shall return to the Sponsor any amount paid . . . applicable to that Balloon Fiesta **or apply such payment to the next BALLOON FIESTA. Sponsor shall receive no other amount as consideration or damages**. *See* Doc. 1, Ex. A (emphasis added).

23

18. As set forth hereinabove, when the COVID-19 pandemic required AIBF to reschedule the 2020 Balloon Fiesta to October 2-10 of 2021, AIBF notified Canon of the same. Canon indicated no disagreement with the new dates; to the contrary, Canon subsequently approved the use of its mark and otherwise communicated with AIBF in a manner indicating its agreement.

19. Nevertheless, on September 24, 2020, three months after AIBF's rescheduling of the Balloon Fiesta, and seven months after Canon's final $250,000 payment to AIBF under the Sponsorship Agreement, Canon purported to terminate the Agreement pursuant to Article 11 therein, citing the impact of the COVID-10 pandemic—a force majeure event—on AIBF's ability to hold the Balloon Fiesta in October of 2020.

20. Article 11 of the Sponsorship Agreement does not permit Canon, whose performance was unaffected by any force majeure event, to terminate the Sponsorship Agreement.

21. Canon's purported termination of the Sponsorship Agreement neither invoked nor complied with the termination requirements of paragraph 6.1 of the Sponsorship Agreement.

22. Accordingly, Canon's September 24, 2020 communication to AIBF was ineffective to terminate the Sponsorship Agreement, and Canon's demand that AIBF refund Canon $250,000 on the basis of Canon's purported termination is contrary to the Sponsorship Agreement and applicable law.

23. Alternatively, if AIBF's rescheduling of the Balloon Fiesta were considered a cancellation and a constructive termination of the Sponsorship

Agreement, paragraph 6.3 permits AIBF to apply Canon's payment to the following year's Balloon Fiesta.

24.   Thus, pursuant to 22 U.S. § 2201(a), AIBF requests that the Court enter a declaratory judgment that (a) AIBF did not breach the Sponsorship Agreement; (b) the Sponsorship Agreement was not lawfully terminated by Canon; and (c) Canon is not entitled to a refund of its $250,000 payment under the Sponsorship Agreement.

## COUNT II: Breach of Contract

25.   AIBF repeats and realleges each allegation in its Counter-Claims, paragraphs 1-24 hereinabove, as if fully set forth herein.

26.   The Sponsorship Agreement provides that each party grants the other a limited, non-transferable right to the use of the other party's marks or logos in connection with the Balloon Fiestas, "subject to the prior written approval of the other party; such approval not to be unreasonably withheld." Doc. 1, Ex. A, ¶ 3.5.

27.   Canon has withdrawn its prior written approval of the use of its marks in connection with the Balloon Fiestas through its Complaint in this action, demanding that AIBF remove Canon's marks from the AIBF website and from various merchandise produced or purchased by AIBF to promote Canon's brand.

28.   Although the promotion of Canon's brand is a bargained-for benefit *to Canon* under the Sponsorship Agreement, *see* Doc. 1, Ex. A, ¶¶ 2.2, 2.3, AIBF also relies on Canon's reasonable consent to the use of the Canon mark, in that AIBF produces and purchases various merchandise (e.g., calendars, tote bags,

and pins) for sale in preparation for the Fiestas—merchandise that can no longer be sold if Canon withholds or withdraws its consent to the use of its mark.

29. For the reasons already alleged hereinabove, Canon's purported termination of the Sponsorship Agreement was unlawful and ineffective, and therefore the parties' respective obligations under the terms of the Sponsorship Agreement continue.

30. Canon has breached its obligation to not "unreasonably" withhold its consent to the use of its mark, as required by paragraph 3.5 of the Sponsorship Agreement, in that Canon has offered no reason that its mark should not be used by AIBF—other than by reason of Canon's ineffective termination of the Agreement.

31. AIBF has suffered damages as a result of Canon's breach of paragraph 3.5 of the Sponsorship Agreement, in that AIBF is unable to sell or distribute existing merchandise bearing the Canon mark.

32. Pursuant to paragraph 13.6 of the Sponsorship Agreement, Canon must pay AIBF's attorney fees in this matter, as AIBF has incurred such fees to enforce its rights under the Agreement.

**WHEREFORE**, AIBF prays for judgment in its favor against Canon:

1. Declaring that:

(a) AIBF did not breach the Sponsorship Agreement;

(b) the Sponsorship Agreement was not lawfully terminated by Canon; and

(c) Canon is not entitled to a refund of its $250,000 payment under the Sponsorship Agreement.

2.      Awarding consequential damages for Canon's breach of the Sponsorship Agreement, including the cost of altering products and materials, and the cost of products that bear the Canon mark and can no longer be sold or distributed; and

3.      Awarding AIBF its attorney fees and costs; and

4.      Awarding any further relief and damages as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Albuquerque International Balloon Fiesta, Inc. hereby demands a trial by jury in this action.

Respectfully submitted,

BUTT THORNTON & BAEHR, P.C.

*/s/ Rodney L. Schlagel*
Rodney L. Schlagel
Sarah L. Shore
P. O. Box 3170
Albuquerque, NM 87190
(505) 884-0777
(505) 889-8870 Fax
rlschlagel@btblaw.com
sshore@btblaw.com
***Counsel for Defendant Albuquerque International Balloon Fiesta, Inc.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of July, 2021, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Jennifer G. Anderson | Richard H. Silberberg (*pro hac*) |
| J. Adam Wright | Anthony P. Badaracco (*pro hac*) |
| Modrall, Sperling, Roehl, | Dorsey & Whitney LLP |
| Harris & Sisk, P.A. | 51 West 52nd Street |
| 500 Fourth Street NW, Suite 1000 | New York, New York 10019 |
| Albuquerque, NM  87102 | (212) 415-9200 |
| (505) 848-1800 | silberberg.richard@dorsey.com |
| jga@modrall.com | badaracco.anthony@dorsey.com |
| awright@modrall.com | ***Counsel for Plaintiff Canon*** |
| ***Counsel for Plaintiff Canon*** | ***U.S.A., Inc.*** |
| ***U.S.A., Inc.*** | |

*/s/ Rodney L. Schlagel*
Rodney L. Schlagel